UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN CARPENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.    08 CV 3601 |
| | ) | |
| CITY OF CHICAGO, ILLINOIS | ) | JUDGE DOW JR. |
| and CHICAGO POLICE OFFICER | ) | |
| J. J. WALSH, Star No. 12865, | ) | MAGISTRATE JUDGE NOLAN |
| and CHICAGO POLICE OFFICER | ) | |
| E. T. DOUGHERTY, | ) | |
| Star No. 10093, | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## JOINT STATUS REPORT

Plaintiff Martin Carpenter, by and through his attorney Jeffrey B. Granich and Defendant City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, pursuant to this Court's case management procedures, jointly submit the following initial status report:

**A.     Parties**

Plaintiff Martin Carpenter is currently represented by Jeffrey Granich and Katie Z. Ehrmin.

Defendant City of Chicago is currently represented by Megan McGrath and Margaret Carey.

**B.     Basis for Federal Jurisdiction and Nature of Claims Asserted**

Plaintiff asserts civil rights claims under 42 U.S.C. § 1983 against Defendant Officers alleging: false arrest and unlawful search. Further, Plaintiff asserts state law claims against the Defendant Officers alleging: false imprisonment, malicious prosecution, and intentional infliction of emotional distress. Finally, Plaintiff brings a claim under 42 U.S.C. § 1983 against Defendant City of Chicago for its alleged policies, practices and customs of failing to adequately train, supervise, control and discipline officers, as well as a Respondeat Superior and Indemnification claim.

   Counterclaims:    None

**C.     Service of Parties**

All Defendant parties have been served.

**D.     Principal Legal and Factual Issues**

The principal legal and factual issues in this matter are as follows:

(a)     Whether the Defendant Officers subjected plaintiff to a false arrest, unlawful search, malicious prosecution and intentional infliction of emotional distress;

(b)     Whether the Defendant Officers acted maliciously, wantonly, or oppressively in allegedly violating plaintiff's rights;

(c)     Whether Defendant City has a policy or widespread practice of failing to adequately train, supervise, control and discipline officers;

(d)     Whether plaintiff was damaged by the alleged actions of the Defendant Officers and the alleged policies or practices of the City; and

(e)     Whether the Defendant Officers were acting within the scope of their employment at the time of their alleged encounters with plaintiff.

**E.     Jury Demand**

All parties have demanded a jury trial.

**E.     Discovery**

No discovery has been requested or exchanged by any of the parties at this time. The parties anticipate the need to exchange written discovery and to take depositions in this matter. Upon the exchange of written discovery, the parties will be able to state the number of depositions to be taken in this case.

    Proposed Discovery Dates:

    **a.** All disclosures required by Rule 26(a)(1) shall be made on or before September 30, 2008.

    **b.** The cutoff of fact discovery is March 31, 2009.

    **c.** The Plaintiff shall disclose expert testimony pursuant to Rule 26(a)(2) on or before April 30, 2009. The Defendants shall disclose expert testimony pursuant to Rule 26(a)(2) on or before May 29, 2009.

    **d.** The parties may depose the other side's expert at any time prior to June 30, 2009.

    **e.**    Any dispositive motions to be filed on or before <u>July 31, 2009</u>.

    **f.**    The final pretrial order shall be filed on or before <u>August 31, 2009</u>.

**F.**    **Trial**

The parties anticipate that this matter will be ready to proceed to trial at the beginning of August, 2009, and the parties anticipate that the trial take approximately one week. The parties to this matter have requested a jury trial.

**G.**    **Consent to Proceed before Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge at this time.

**H.**    **Settlement Discussions**

No settlement discussions have been held to date. However, counsel for Plaintiff is in the process of preparing a demand.

**I.**    **Request for a Settlement Conference.**

All parties request a settlement conference.

Respectfully Submitted,

/s/ Jeffrey B. Granich  
Jeffrey B. Granich  
Law Offices of Jeffrey B. Granich  
53 W. Jackson, Ste. 840  
Chicago, Illinois 60604  
(312) 939-9009

/s/ Megan McGrath  
Assistant Corporation Counsel  
City of Chicago, Dept. of Law  
30 N. LaSalle St., Suite 1020  
Chicago, IL 60602  
(312) 744-8369