UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN CARPENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 3601 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | |
| CHICAGO POLICE OFFICER | ) | Judge Dow |
| J.J. WALSH, Star No.12865, and | ) | |
| CHICAGO POLICE OFFICER | ) | Magistrate Judge Nolan |
| E.T. DOUGHERTY, Star No. 10093, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants City of Chicago ("City"), J.J. Walsh and E.T. Dougherty (individuals collectively referred to as "Defendant Officers")(Defendant Officers and City collectively referred to as "Defendants"), by one of their attorneys, Megan K. McGrath, Assistant Corporation Counsel of the City of Chicago, hereby submit their Answer, 12(b)(6) Defenses, Affirmative Defenses and Jury Demand in response to Plaintiff's Complaint, and in support state:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff s rights as secured by the United States Constitution.

**ANSWER:** Defendants admit that Plaintiff purports to bring a civil rights action pursuant to 42 U.S.C. § 1983, but denies that the United States Constitution provides Plaintiff with a direct cause of action and denies that Defendants have violated any law or statute.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

3.     Venue is proper under 28 U.S.C. § 1391 (b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** Defendants admit that venue is proper. Defendants deny any wrongful or illegal conduct.

## PARTIES

4.     At all times relevant hereto, Plaintiff Martin Carpenter was a 23 year-old, male African-American resident of Chicago, Illinois.

**ANSWER:** Defendants admit, on information and belief, the allegations in this paragraph.

5.     At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of law within the scope of their employment.

**ANSWER:** Defendants admit that the Defendant Officers were employed by the City as police officers at all times relevant to the Complaint, and that at all times relevant to the Complaint, the Defendant Officers were acting in the scope of their employment and under color of state law. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

6.     Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:** Defendants admit that the City is a municipal corporation duly incorporated under the laws of the State of Illinois, and further admit that the Defendant Officers are employed by the City as police officers. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

**FACTUAL ALLEGATIONS**

7.     On or about June 28, 2007, Plaintiff was at a friend's residence located at 6248 S. Campbell Ave., Chicago, Illinois 60653.

**ANSWER:**  Defendants admit that Plaintiff was at a residence located at 6248 S. Campbell Ave., Chicago, Illinois 60653 on June 28, 2007.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

8.     At this time and at all times relevant hereto, Plaintiff was acting fully in conformity with all laws statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:**  Defendants deny the allegations of this paragraph.

9.     At this time Defendant Officers entered the residence as described above without an arrest warrant, without a search warrant, without exigent circumstances, and without probable cause to believe Plaintiff was committing or had committed a crime.

**ANSWER:**  Defendants admit the Defendant Officers entered the residence at 6248 S. Campbell Ave without a search warrant.  Defendants deny the remaining allegations of this paragraph.

10.    At this time, Plaintiff was unreasonably and forcefully handcuffed by one or more of the Defendant Officers, and was unconstitutionally searched and seized.

**ANSWER:**  Defendants admit the Plaintiff was handcuffed on June 28, 2007.  Defendants deny the remaining allegations of this paragraph.

11.    Defendant Officers then transported Plaintiff to the 8th District Chicago Police Station where he was falsely charged with possession of a controlled substance in violation of 720 ILCS 570.0/402-C and possession of cannabis in violation of 720 ILCS 550.0/4-B.

**ANSWER:**  Defendants admit that Plaintiff was transported to the 8th District Police Station, and was charged with possession of a controlled substance in violation of 720 ILCS 570.0/402-C and possession of cannabis in violation of 720 ILCS 550.0/4-B.  Defendants deny any wrongful or illegal

conduct, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

12. Plaintiff remained in custody until March 24, 2008, when these false charges were dismissed against Plaintiff.

**ANSWER:** Defendants deny these charges were false. Defendants admit that, according to records from the Circuit Court of Cook County, charges against the Plaintiff were nolle prosequi on March 24, 2008. All Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

### Count 1-42 U.S.C. S 1983 - False Arrest

13. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 12.

14. On June 28, 2007, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of the Plaintiff's rights secured on the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendants admit Plaintiff was arrested on June 28, 2007, and deny the remaining allegations in this paragraph.

15. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting in the scope of their employment.

**ANSWER:** Defendants admit that the Defendant Officers were acting in their official capacity as law enforcement officers, under color of state law, and acting in the scope of their employment. Defendants deny the remaining allegations in this paragraph.

16. The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

**ANSWER:** Defendants deny the allegations in this paragraph.

17. The misconduct described in this count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

   e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

   f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

   g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating

       the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer *(sic)* of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained", and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights. Defendants deny the remaining allegations in this paragraph, including all of its subparts.

18.    The acts committed by the Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendants deny the allegations of this paragraph.

### Count II - 42 U.S.C. § 1983 - Unlawful Search

19.    Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 12.

20.    Defendant Officers searched Plaintiff's person and without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:** Defendants admit that the Defendant Officers did not have a search warrant, and upon information and belief that Plaintiff's person was searched. Defendants deny the remaining allegations in this paragraph.

21.    The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

**ANSWER:** Defendants deny the allegations in this paragraph.

22.   The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards

    is forbidden by the City from considering those allegations if they are deemed "unsustained" and,

  h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights. Defendants deny the remaining allegations in this paragraph, including all of its subparts.

 23. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:** Defendants deny the allegations in this paragraph.

### Count III - Malicious Prosecution

 24. Plaintiff re-alleges paragraph 1 through 12 as if fully repleaded herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 12.

 25. Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for possession of a controlled substance.

**ANSWER:** Defendants admit that, according to records from the Circuit Court of Cook County, Plaintiff was charged and prosecuted for possession of a controlled substance. Defendant Officers deny, and Defendant City denies on information and belief, that the Defendant Officers made false statements or gave false testimony. All Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

 26. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanted disregard for the truth.

**ANSWER:** Defendants deny the allegations in this paragraph.

27.     Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:** Defendants deny the allegations in this paragraph.

28.     On March 24, 2008 Plaintiff's case was dismissed by a Cook County Judge.

**ANSWER:** Defendants admit that, according to records from the Circuit Court of Cook County, charges against the Plaintiff were *nolle prosequi* on March 24, 2008. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

29.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proved at trial.

**ANSWER:** Defendants deny any wrongful or illegal conduct. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## Count IV - False Imprisonment

30.     Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 12.

31.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

32.     On June 28, 2007, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of the Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendants admit Plaintiff was arrested on June 28, 2007. Defendants deny the

remaining allegations in this paragraph.

33. Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:** Defendants deny the allegations in this paragraph.

34. The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to the Plaintiff.

**ANSWER:** Defendants deny the allegations in this paragraph

**Count V - Intentional Infliction of Emotional Distress**

35. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 12.

36. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

37. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:** Defendants deny the allegations in this paragraph.

38. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe physical and emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendants deny any wrongful or illegal conduct. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

**Count VI - State Law Claims Against Defendant City**
***Respondeat Superior* and Indemnification**[1]

39.   Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**  The City incorporates its answers to paragraphs 1 through 12.

40.   Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**  The City states that the allegation of this paragraph contains a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law and therefore this allegation is deemed denied.

41.   At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:**  The City admits that the Defendant Officers were employed by the City as police officers at all times relevant to the Complaint. The City further admits, on information and belief, that at all times relevant to the Complaint, the Defendant Officers were acting in the scope of their employment and under color of state law. The City states that the remaining allegation of this paragraph contains a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law and therefore this allegation is deemed denied.

**WHEREFORE**, Defendants pray that this Court enter judgment in its favor on Plaintiff's Complaint, award Defendants costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

---

[1] The Defendant Officers make no answer to the allegations contained in this count as it is directed against the City.

**12(b)(6) DEFENSE**

1. To the extent Plaintiff is claiming a separate cause of action for "false imprisonment" outside of the context of his claim for false arrest, that claim should be dismissed. "False imprisonment" does not constitute a cause of action under 42 U.S.C. § 1983 independent from claims for false arrest, and Plaintiff fails to state a claim under Illinois state law.

**AFFIRMATIVE DEFENSES**

1. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages when its employee or agent was acting outside the scope of his or her employment. 745 ILCS 10/9-102.

2. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

3. Under Illinois Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it to the injured party or a third party. 745 ILCS 10/2-102.

4. Defendants are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. To the extent that plaintiff failed to mitigate his damages, any verdict or judgment awarded to plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in

this case.

6. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.

7. The City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109.

8. The City is not liable under Section 1983 if plaintiff does not prove any violation of his constitutional rights. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

9. Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not vicariously liable under section 1983 for its employees' misconduct.

10. Defendants are entitled to qualified immunity. They are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged above, a reasonable police officer, objectively viewing the facts and circumstances that confronted these defendants, could have believed their actions to be lawful, in light of clearly established law and the information the defendants possessed.

11. Under the Tort Immunity Act, the defendants are not liable for injuries arising out of the exercise of discretionary acts. 745 ICS10/2-201.

12. Under the Tort Immunity Act, defendants are not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the

scope of their employment, unless they acted maliciously and without probable cause. 754 ILCS 10/2-208.

13. Defendants are not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by his/her failure to enforce any law. 746 ILCS 10/2-205.

14. Defendants are not liable for any of plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by entry upon any property where such entry is expressly or impliedly authorized by law. 745 ILCS 10/2-209.

## JURY DEMAND

Defendants City of Chicago, J.J. Walsh and E.T. Dougherty request a trial by jury.

Respectfully submitted,
CITY OF CHICAGO,
J.J. WALSH,
E.T. DOUGHERTY,

By their attorney: **/s/ *Megan K. McGrath***
MEGAN K. McGRATH
Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-8369
Attorney No. 06288408